41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven L. DUNHAM, Plaintiff-Appellant,
v.
Art TESSMER, Defendant-Appellee.
 No. 94-1689.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: WELLFORD, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Steven L. Dunham appeals a grant of summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dunham filed his complaint in the district court alleging, inter alia, that he was improperly confined in administrative segregation in the Kinross Correctional Facility in Kinchloe, Michigan, in July 1990. The complaint was dismissed in part as frivolous pursuant to 28 U.S.C. Sec. 1915(d), and plaintiff was granted leave to file an amended complaint to assert a procedural due process claim. Plaintiff then filed an amended complaint in which he named the defendant deputy warden in his individual capacity and sought approximately $150,000 damages.
 
 
 3
 Defendant moved to dismiss the amended complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that summary judgment for defendant be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant. Thereafter, the district court granted plaintiff leave to proceed in forma pauperis on appeal. On appeal, plaintiff reiterates his contention that he was deprived of a liberty interest when he was wrongfully confined in administrative segregation.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Here, plaintiff's procedural due process claim is precluded because plaintiff did not plead and prove that Michigan state court remedies are inadequate to redress any deprivation. In Gibbs v. Hopkins, 10 F.3d 373 (6th Cir.1993), this court rejected a Michigan inmate's claim that his constitutional right to procedural due process was violated when he was held in segregation after expiration of a disciplinary sentence. The court held that procedural due process was not violated where plaintiff did not plead or show "that Michigan's judicial remedies are inadequate or that it would be futile to make the argument in the courts of Michigan that prison officials should not have kept him in segregation after (his disciplinary sentence expired) without a hearing or other procedures." Id. at 378. Similarly, plaintiff in the instant case did not plead or prove that state court remedies are inadequate to redress his claim. Therefore, plaintiff's claim must fail.
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.